# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **WILLIE GRIFFIN,** | : |
| **Plaintiff,** | : |
| vs. | : CIVIL ACTION NO. 16-00344-WS-B |
| **WARDEN COOK, *et.al.*,** | : |
| **Defendants.** | : |

## REPORT AND RECOMMENDATION

Plaintiff Willie Griffin, an Alabama prison inmate proceeding *pro se*, filed a complaint under 42 U.S.C. § 1983 (Doc. 1), together with two motions seeking to proceed without prepayment of fees (Docs. 2, 5). This action was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R), and is now before the Court on Plaintiff's Motion to Withdraw Petition (Doc. 6).

In his motion, Plaintiff advises that he desires to withdraw his complaint. (Id.). As Defendants have not yet filed an answer or a motion for summary judgment, Griffin's motion should be construed as a notice of dismissal under Rule 41(a)(1)(A)(i), which requires no separate order of dismissal and is effective immediately upon filing. See Matthews v. Gaither, 902 F.2d 877, 880 (11th Cir. 1990) (Rule 41(a)(1) "grants a plaintiff an unconditional right to dismiss his complaint by notice and without an order of the court at any time

prior to the defendant's service of an answer or a motion for summary judgment. The dismissal is effective immediately upon the filing of a written notice of dismissal, and no subsequent court order is required. The fact that a notice of dismissal is styled 'motion to dismiss' rather than 'notice of dismissal' is without consequence." (internal citations omitted)); Klay v. United Healthgroup, Inc., 376 F.3d 1092, 1106 (11th Cir. 2004) ("Rule 41 allows a plaintiff to dismiss all of his claims against a particular defendant...").

Accordingly, it is respectfully RECOMMENDED the Clerk be directed to close this file.

The instructions which follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this **31st** day of **August, 2016.**

                                             **/s/ Sonja F. Bivins**
                                   **UNITED STATES MAGISTRATE JUDGE**

**NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. ALA. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." *11th Cir. R. 3-1.* In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

3